UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND C. GREEN, INC.,
TRUSTEE OF THE RAMOND C.
GREEN TRUST,
       Plaintiff,

    v.

LOUIS DELPEDIO,
NICHOLAS J. FIORILLO,

       Defendants.

CIVIL ACTION
NO. 23-10732-NMG

ORDER OF REMAND AND SHOW CAUSE TO NICHOLAS J. FIORILLO

GORTON, D.J.                                        May 2, 2023

1.   Plaintiff's Motion for Expedited Remand (ECF No. 3) is hereby ALLOWED in part and the Suffolk County Superior Court civil action styled Green v. Fiorillo, Civ. No. 2184CV02950 is hereby REMANDED.   The Clerk is directed to enter a separate order of remand, and the remand shall be immediately transmitted by the Clerk, pursuant to Local Rule 81.1(d).[1]  See Forty Six Hundred LLC v. Cadence Educ., LLC, 15 F.4th 70, 81 (1st Cir. 2021) (suggesting that "[i]f a motion to remand is granted by

---

[1] Fiorillo has neither paid the $402 filing and administrative fee for removal of a civil action nor sought leave to proceed in forma pauperis.  While the Court ordinarily would permit leave to address this issue, the Court need not do so where the matter is being remanded.  Should Firoillo seek to proceed further in this action, he must either pay the $402 filing fee to remove the action or seek leave to proceed in forma pauperis in this action.

the district court in a removed case and the remand order is
appealable, the district court **may** wish to avoid immediately
certifying the remand order and returning the case file to the
state court") (emphasis added).  No delay on remand is
necessary.  The Court expressly retains jurisdiction over the
remand as to determine costs and attorneys' fees under 28 U.S.C.
1447(c), and the imposition of sanctions under Fed. R. Civ. P.
11 and this Court's inherent authority to sanction abusive
litigation conduct.

This is Fiorillo's <u>second</u> attempt to remove <u>this</u> action,
<u>see</u> <u>Green</u> v. <u>Delpidio</u>,1:22-cv-11685-WGY (remanded and appeal
dismissed)("the Earlier Removed Action"), and <u>thirteenth</u> notice
of removal filed in the district since December 2021.[2]  The

---

[2] All of Fiorillo's prior removals have been remanded.  In
addition to the instant action, <u>see</u> (1) Spitalny v. <u>Gotspace</u>
<u>Data Equity Fund LLC</u>, 1:21-cv-12140-MLW (remanded); (2) <u>BSI 254</u>
<u>Westfield LLC et al.</u> v. <u>Fiorillo</u>, 1:22-cv-11394-DJC (remanded,
appeal dismissed for lack of prosecution); (3) <u>Spitalny et al</u> v.
<u>Fiorillo</u>,1:22-cv-11413-AK (remanded, appeal dismissed, motion
for sanctions against Fiorillo pending); (4) <u>Green</u> v.
<u>Delpidio</u>,1:22-cv-11685-WGY (remanded, appeal dismissed); (5)
<u>Raymond C. Green Trust</u> v. <u>Fiorillo</u>, 1:22-cv-11724-ADB
(remanded); (6) <u>Ocean Vacations Realty Trust et al</u> v. <u>Green</u>,
1:22-cv-11774-ADB (remanded, appeal dismissed); (7) <u>GF Funding</u>
<u>Swansea, LLC</u> v. <u>Ocean Investment Holding</u>, 1:22-cv-11795-ADB
(remanded, appeal dismissed); (8) <u>Fiorillo</u> v. <u>Spitalny</u> 1:22-cv-
12135-AK (remanded); (9) <u>Ocean Vacations, LLC</u> v. <u>Najarian</u>, 1:22-
cv-12160-IT; (10) <u>BSI 254 Westfield, LLC</u> v. <u>Fiorillo</u>, 1:22-cv-
12168-RGS (remanded, noting the removal "possibly an abuse of
process"); (11) <u>Commonwealth</u> v. <u>Fiorillo</u>, 1:22-12182-DJC
(remanded); (12) <u>Raymond C. Green Trust</u> v. <u>Fiorillo</u>, 1:23-10065-
LTS (remanded).

Earlier Removed Action was remanded after motion brought by the plaintiff because: (1) removal was untimely and (2) the Court determined in the alternative that it had no jurisdiction of the underlying removed action. See Earlier Removed Action, Order of Remand, ECF No. 32. Fiorillo's appeal of that action was dismissed for lack of jurisdiction. See Earlier Removed Action, Judgment of USCA, ECF No. 45. The Court takes judicial notice of the Earlier Removed Action and the remand of that action.

Turning to this action, this Court lacks subject matter jurisdiction, and therefore the action must be remanded pursuant to 28 U.S.C. § 1447(c). With respect to removed actions, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. Subject matter jurisdiction under Section 1447(c) "can be entertained at any time and it can be either raised by the Court sua sponte or by the parties to the proceedings." Rivera Narvaez v. JC Penney Puerto Rico, Inc., Civ. No. 18-1896-RAM, 2019 WL 3941104 at *2 (D.P.R. Aug. 20, 2019) (citation and quotations omitted). The Court also has an independent obligation to inquire into its subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Here, after review of the notice of removal, the Court concludes there is no subject matter jurisdiction. The basis of

3

removal is purportedly pursuant to 28 U.S.C. §§ 1441, 1443, and 1446.[3]

First, there is no basis to remove the action pursuant to 28 U.S.C. § 1441(a). Section 1441(a) provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a). Although the complaint is missing from the notice of removal in this action, it has already been determined in the Earlier Removed Action that the Court had no federal question or diversity jurisdiction, and that removal was untimely. The Court agrees. Accordingly, because there is no original jurisdiction over the underlying action under 28 U.S.C. §§ 1331 and 1332, removal fails under 28 U.S.C. 1441(a).

Second, Fiorillo's attempt to remove pursuant to 28 U.S.C. § 1443 also fails. Section 1443 provides in pertinent part:

> Any of the following civil actions . . ., commenced in a State court may be removed by the defendant to the district court of the United States

---

[3] Fiorillo references 42 U.S.C. § 1983, 42 U.S.C. § 1985, 28 U.S.C. § 2403, and the False Claims Act, 31 U.S.C. § 3730, as bases for removal, but these are not removal statutes. Furthermore, Fiorillo references Article III, Section 2, Clause 1 of the United States Constitution, but this Constitutional provision confers no independent removal jurisdiction.

for the district and division embracing the place
wherein it is pending:

(1)  Against any person who is denied or cannot
enforce in the courts of such State a right under any
law providing for the equal civil rights of citizens
of the United States, or of all persons within the
jurisdiction thereof;

(2)   For any act under color of authority derived
from any law providing for equal rights, or for
refusing to do any act on the ground that it would be
inconsistent with such law.

28 U.S.C.A. § 1443.  As a different session in this district

already explained to Fiorillo late last year:

[Section 1443] has been interpreted extremely
narrowly by the Supreme Court: neither subpart applies
here.  Under the first subpart, "[t]he Supreme Court
has construed this statutory language as being limited
to 'any law providing for specific civil rights stated
in terms of racial equality.' " Peltier v. Peltier,
548 F.2d 1083, 1084 (1st Cir. 1977) (emphasis added)
(quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966));
see Imasuen v. Winn Prop. Mgt., CIV.A. 13-13204-DPW,
2013 WL 6859094, at *2 (D. Mass. Dec. 26, 2013)
(removed summary process case subject to remand where
first subpart did not apply). On the face of the
notice of removal there is no such racial component
asserted at all.

As to the second subpart, "[r]emoval pursuant to
§ 1443(2) is available only to federal officers and to
persons assisting such officers in the performance of
their official duties." Nickerson-Malpher v. Wells
Fargo Bank, N.A., C.A. 10-1033-JLT, 2010 WL 3069950,
at *3 (D. Mass. Aug. 3, 2010) (quoting Greenwood v.
Peacock, 384 U.S. 808, 815 (1966)); see also
Massachusetts Council of Constr. Employers, Inc. v.
White, 495 F. Supp. 220, 221 (D. Mass. 1980).

Raymond C. Green Tr. v. Fiorillo, CV 22-11724-ADB, 2022 WL

16857197, at *2 (D. Mass. Nov. 10, 2022).  "Neither illegal nor

5

corrupt acts of individual state officials that might be
corrected by the state judiciary, nor the mere possibility of an
unfair trial in state court will justify removal to a federal
court under Section 1443." § 3727 Removal of Particular Cases—
Civil Rights, 14C Fed. Prac. & Proc. Juris. § 3727 (Rev. 4th
ed.).  Contrary to Fiorillo's argument otherwise, Fiorillo's
notice of removal does not meet either prong of Section 1443.

Finally, as for 28 U.S.C. § 1446, this statute sets forth
the procedure and timing for removal.  It appears that Fiorillo
is asserting that the action is only now removable because of
recent actions of the Suffolk Superior Court.  The Court need
not reach this issue, however, as the basis for removal under
Sections 1441 and 1443 are meritless, and therefore the timing
of removal need not be analyzed.

In sum, Fiorillo disagrees with the results of state court
proceedings at the trial court level.  His remedy is not to
attempt an end around the state court appellate process by
improperly "removing" to federal court.  Fiorillo's recycled
removal arguments are meritless, no matter how sincerely he
believes in them.

2.    Fiorillo's Motion for Sanctions and for Involuntary
Dismissal (ECF No. 5)is DENIED as MOOT.

3.    The Court as part of this order of remand expressly
reserves and retains jurisdiction to determine whether pursuant

to 28 U.S.C. § 1447(c), "payment of just costs and any actual expenses, including attorney fees, as a result of this removal" are appropriate with respect to the remand.  The Court also retains jurisdiction to consider whether <u>other</u> sanctions are appropriate.  <u>Unanue-Casal</u> v. <u>Unanue-Casal</u>, 898 F.2d 839, 841 (1st Cir. 1990)("[E]ven after a federal district court determines that it lacks jurisdiction of a case, it retains jurisdiction to consider whether its process was abused during the course of that determination.

4.    A Show Cause Hearing as to why Firoillo should not be assessed costs, actual expenses and attorney's fees under 28 U.S.C. §1447(c), and why Fed. R. Civ. P. 11 and other sanctions should not be imposed will be held on Tuesday, May 16, 2023, at 11:00 a.m.  Fiorillo may file a memorandum and affidavits on or before May 9, 2023 and plaintiff may file a response and affidavits on or before May 12, 2023.

SO ORDERED.

05/02/2023
DATE

_Nathaniel M. Gorton_
UNITED STATES DISTRICT JUDGE