```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

RAYMOND C. GREEN, INC.,
TRUSTEE OF THE RAYMOND C.
GREEN TRUST,
          Plaintiff,

     v.                             CIVIL ACTION
                                    NO. 23-10732-NMG

LOUIS DELPEDIO,
NICHOLAS J. FIORILLO,

          Defendants.
```

MEMORANDUM AND ORDER

GORTON, D.J.                                          July 5, 2023

Before the Court is the remainder of Plaintiff Raymond C. Green, Inc.'s (the "Corporation") Motion for Expedited Remand with respect to injunctive relief, Pl.'s Mot. Expedited Remand ("Motion to Remand"), ECF No. 3. The remainder of the Motion to Remand is hereby ALLOWED, an enjoinment order is entered, and an award of $6,150.09 in costs and fees under 28 U.S.C. § 1447(c) is ordered.

I. Background

This is defendant Nicholas J. Fiorillo's ("Fiorillo") second attempt to remove this action, see Green v. Delpidio, 1:22-cv-11685-WGY (remanded and appeal dismissed)("the

1

Earlier Removed Action"), and thirteenth notice of removal filed in the district since December 2021.¹

On April 13, 2023, the Corporation filed the Motion to Remand.  On April 14, 2023, Fiorillo filed an opposition. Def. Opp. Pl.'s Mot. Expedited Remand ("Opposition" or "Opp."), ECF No. 4.

On May 2, 2023, this Court remanded the action for lack of subject matter jurisdiction, and ordered Fiorillo to show cause as to the award of costs and fees under 28 U.S.C. 1447(c), Rule 11 sanctions, and the imposition of other sanctions for abusive litigation conduct.  Order of Remand and Show Cause to Nicholas J. Fiorillo, ECF No. 7.  A hearing was set for May 16, 2023. Id.; Notice of Hearing, ECF No. 9.

---

¹ All of Fiorillo's prior removals have been remanded.  In addition to the instant action, see (1) Spitalny v. Gotspace Data Equity Fund LLC, 1:21-cv-12140-MLW (remanded); (2) BSI 254 Westfield LLC et al. v. Fiorillo, 1:22-cv-11394-DJC (remanded, appeal dismissed for lack of prosecution); (3) Spitalny et al v. Fiorillo,1:22-cv-11413-AK (remanded, appeal dismissed, motion for sanctions against Fiorillo under advisement); (4) Green v. Delpidio,1:22-cv-11685-WGY (remanded, appeal dismissed); (5) Raymond C. Green Trust v. Fiorillo, 1:22-cv-11724-ADB (remanded, not appealed); (6) Ocean Vacations Realty Trust et al v. Green, 1:22-cv-11774-ADB (remanded, appeal dismissed); (7) GF Funding Swansea, LLC v. Ocean Investment Holding, 1:22-cv-11795-ADB (remanded, appeal dismissed); (8) Fiorillo v. Spitalny 1:22-cv-12135-AK (remanded, not appealed); (9) Ocean Vacations, LLC v. Najarian, 1:22-cv-12160-IT; (10) BSI 254 Westfield, LLC v. Fiorillo, 1:22-cv-12168-RGS (remanded, noting the removal "possibly an abuse of process", appeal dismissed); (11) Commonwealth v. Fiorillo, 1:22-12182-DJC (remanded, affirmed on appeal); (12) Raymond C. Green Trust v. Fiorillo, 1:23-10065-LTS (remanded, not appealed).

On May 3, 2023, the Court issued a separate order of remand, ECF No. 8, and the action was transferred back to Suffolk County Superior Court.  Order of Remand, ECF No. 7.

On May 16, 2023, Fiorillo failed to appear at the show cause hearing.  Elec. Clerk's Notes, ECF No. 10.  The Corporation, through counsel, appeared at the show cause hearing.  Id.  The Court provided the Corporation until May 19, 2023, to submit a proposed injunction and substantiation of its costs and fees in the remand of this action.  Id.

On May 19, 2023, the Corporation submitted a proposed injunction, ECF No. 13, and an affidavit in support of an award of fees, costs and expenses, ECF No. 14,

That same day, Fiorillo filed a Notice of Objection and Opposition to Proposed Sanctions ("Notice of Objection"), ECF No. 12, along with supporting affidavit, Fiorillo Aff., ECF No. 12-1, and a Motion for Reconsideration of Appeal and For Temporary Stay Pending Consideration of Motion ("Motion for Reconsideration"), ECF No. 13.

II. Discussion and Orders

    A. Fiorillo's Motion for Reconsideration of Appeal and For Temporary Stay Pending Consideration of a Motion

The Motion for Reconsideration appears to be misfiled in this action.  It was apparently signed before this action was removed, and apparently seeks relief from the First Circuit

Court of Appeals, not this Court. The motion is therefore DENIED for lack of subject matter jurisdiction. It is not in the interest of justice for this Court to transfer the document to the First Circuit. See 28 U.S.C. § 1631.

      B. Section 1447(c) Award

As an initial matter, Fiorillo claims that he should not be sanctioned for his non-attendance because he "did not receive electronic notice of a hearing set for May 16, 2023..." Fiorillo Aff. ¶ 20; see Notice of Objection ¶7. Even if Fiorillo did not receive an electronic copy of the order, he was mailed a copy to his address of record.

Nevertheless, Fiorillo is not being sanctioned for failure to appear at the show cause hearing, but rather his underlying conduct in vexatiously removing this case to federal court. Accordingly, there is no need to hold another hearing and waste scarce judicial resources.

Section 1447(c) of Title 28 of the United States Code permits plaintiffs to recoup costs and actual expenses, including attorneys' fees, spent pursuing a successful motion to remand. "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

Although the First Circuit has not defined what constitutes an "objectively reasonable basis" for removal, other sessions of this Court have declined to award expenses and costs unless the facts are "so one-sided as to have made remand a foregone conclusion." Huston v. FLS Language Centres, 18 F.Supp.3d 17, 25 (D.Mass.2014) (citing Youtsey v. Avibank Mfg., Inc., 734 F.Supp.2d 230, 239 (D.Mass.2010)). As noted above, this is Fiorillo's second unsuccessful attempt to remove this same action, and thirteenth unsuccessful attempt to remove an action to this Court. No objectively reasonable basis for removal was present. Accordingly, the Court, after review of the Affidavit of Nicholas J. Nesgos in Support of Plaintiff's Award of Fees, Costs and Expenses, awards $6,088.95 in attorneys' fees and $61.14 of costs for a total of $6,150.09. Firoillo is ordered to pay this amount to Attorney Nesgos within 14 days of the entry of this order.

C. Order of Enjoinment

This Court has inherent authority to curb vexatious or abusive litigation conduct. As the First Circuit counsels, narrow enjoinment orders preventing removal of specific cases to federal court are preferred over broad orders of enjoinment absent a more developed factual record. See Cok v. Fam. Ct. of Rhode Island, 985 F.2d 32, 36 (1st Cir. 1993) ("Had the court, after notice and opportunity to respond, merely enjoined Cok

5

...

from further frivolous removals from the family court, we would have doubtless approved . . . We have not hesitated to uphold injunctions that were narrowly drawn to counter the specific offending conduct. . . . If the 'specific vice' sought to be curtailed is simply the appellant's propensity, as here and in 1984, to attempt improper removals to federal court of matters based on her state divorce proceeding, the district court may, after notice, wish to enter an order limiting such conduct.")

Fiorillo was on notice that the Corporation was seeking injunctive relief, Pl.'s Mot. Expedited Remand ¶18, ECF No. 3, and filed an opposition, and later an objection, that failed to address the issue of injunctive relief at all.  Firoillo did not address the proposed injunction.  The Court, after consideration of the parties' submissions, issues the following narrow order of enjoinment as to Fiorillo:

    1. Nicholas Fiorillo ("Fiorillo") is hereby enjoined from removing any cases *pro se* by (i) Raymond C. Green Inc., or (ii) The Raymond C. Green Trust, to the United States District Court filed on or before the date of this order without first having sought and received prior written approval of this Court permitting and approving such removal in accordance with the terms of this Order.  This prohibition does not apply to actions removed by counsel on behalf of Fiorillo.

    2. In seeking leave to remove any such actions pro se, Fiorillo must certify that the basis and/or validity for such removal has not already been addressed by any federal court, including this Court.  Fiorillo must also certify that the basis for removal is not frivolous or levied in bad faith, citing with particularity to the statutory basis of removal.  Additionally, the request for leave to file such removal must be captioned "Application Pursuant to Court Order Seeking Leave to Remove"

and must either cite or affix a copy of this Order to such application. Failure to comply strictly with the terms of this injunction will be sufficient grounds for denying leave to remove.

    3. As a precondition to initiating <u>any</u> civil action or maintaining a removed action, not just those identified above and whether pro se or through counsel, Fiorillo must pay in full the $6,150.09 Section 1447(c) award above, and the $402 filing and administrative fee that remains unpaid in this action, <u>unless</u> such condition is excused upon showing of good cause, by a judicial officer.

III. Conclusion and Orders

    For the reasons stated above,

1. Fiorillo's Motion for Reconsideration (ECF No. 13) is DENIED for lack of jurisdiction.

2. Fiorillo is Ordered pursuant to 28 U.S.C. § 1447(c) the amount of $6,150.09 to the Corporation within 14 days of the entry of this order.

3. The remainder of Plaintiff's Motion For Remand as to injunctive relief is <u>ALLOWED</u>, and Firoillo is enjoined as set forth in Section II(C), <u>supra</u>.

**SO ORDERED.**

  __07/05/2023_____        /s/ Nathaniel M. Gorton_____
DATE                            UNITED STATES DISTRICT JUDGE